UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHARLES LEWIS, SR. AND MARIANNE LEWIS,

    *Plaintiffs,*

    *v.*                                     Case No: 3:23-cv-77

COLUMBIA COUNTY,
MATTHIAS ELSON, AND TRAVIS LANGE,

    *Defendants.*

## COMPLAINT

Plaintiffs Charles Lewis, Sr. and Marianne Lewis, by their attorneys, Strang Bradley, LLC, for their complaint against Defendants, states:

## INTRODUCTION

1. On July 22, 2022, Charles and Marianne Lewis were driving to the Wisconsin Dells for a weekend away with three other couples and were pulled over for speeding by Columbia County Sheriff's Deputy Matthias Elson.

2. Charles Lewis, Sr. is black, and Marianne Lewis is white. They are each in their sixties.

3. When Deputy Elson approached the vehicle, Marianne explained they were lost and were trying to find their hotel in the Wisconsin Dells. Deputy Elson asked for their identification and informed them that their vehicle's registration had been expired since September of 2021.

4. Deputy Elson returned to his squad car and discovered Charles had a drug related charge from over thirteen years ago.

5. Deputy Elson then called for a K-9 officer.

6. Deputy Elson then completed citations for speeding and driving with an expired registration.

7. Columbia County Sheriff's Deputy Travis Lange, a K-9 officer, arrived with his canine.

8. Deputy Elson told Deputy Lange that Charles had a former drug charge, that Charles told him Marianne was his wife without being asked, and that they had been driving 80 MPH.

9. Deputy Lange told Deputy Elson that he was going to go talk to the couple, and he told Deputy Elson that he could continue working on the citations.

10. Deputy Elson responded, "I have them done."

11. Deputy Lange then told Deputy Elson that "if you have [reasonable suspicion,] then you have [reasonable suspicion,] so we can have them wait until I do it."

12. This lawsuit seeks to establish that deputies cannot reasonably suspect that a retired mixed-race couple, who were pulled over for speeding, were involved in drug trafficking just because one of them has a 13-year-old drug conviction.

13. After he walked his canine around the Lewis couple's vehicle, Deputy Lange claimed that his canine alerted.

14. The two deputies placed the Lewis couple in the back of a squad car and searched their vehicle, top to bottom.

15. The search lasted over 25 minutes, and the deputies went through all of the couple's belongings, including their bags, glove compartment, medications, and coolers.

16. No drugs were found.

## JURISDICTION AND VENUE

17. This lawsuit is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

18. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331.

19. Venue is proper under 28 U.S.C. § 1391(b)(2). Defendant Columbia County is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within the judicial district.

## PARTIES

20. Plaintiff Charles Lewis, Sr. is a resident of the State of Wisconsin and the County of Milwaukee.

21. Plaintiff Marianne Lewis is a resident of the State of Wisconsin and the County of Milwaukee.

22. Defendant Columbia County is a political subdivision of the state of Wisconsin and is or was the employer of the individual Defendants and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

23.     Defendant Matthias Elson was, at the time of this occurrence, employed as a deputy in the Columbia County Sheriff's Office. Defendant Elson engaged in the conduct complained of while he was on duty, acting under color of state law, ordinance, and/or regulation, and in the course and scope of his employment with the County of Columbia. He is sued in his individual capacity.

24.     Defendant Travis Lange was, at the time of this occurrence, employed as a deputy in the Columbia County Sheriff's Office. Defendant Lange engaged in the conduct complained of while he was on duty, acting under color of state law, ordinance, and/or regulation, and in the course and scope of his employment with the County of Columbia. He is sued in his individual capacity.

## FACTS

25.     On July 22, 2022, at around 6:06 p.m., Charles and Marianne Lewis were driving westbound on Highway 16 toward the Wisconsin Dells. Their vehicle was packed with luggage, groceries, a cooler, and other things you would need on a weekend vacation trip.

26.     Deputy Elson, driving the opposite direction, passed the Lewis's vehicle, did a U-turn, and decided to pursue them.

27.     Charles, who was driving, pulled over after Elson activated his emergency lights.

28.     Elson approached the passenger side where Marianne was seated and informed them that he had pulled them over for doing 80 mph in a 55-mph zone.

29.     Marianne Lewis is a disabled white 65-year-old woman.

30. Charles Lewis, Sr. is a black 60-year-old man.

31. The Lewises are retired.

32. Marianne told Deputy Elson that they were lost and asked if he knew how to get to their motel.

33. Deputy Elson explained that he wasn't very familiar with the Dells, but if they kept heading down Highway 16, they would probably get close.

34. Deputy Elson took both Marianne and Charles's identification and told the couple that vehicle's registration was expired.

35. The couple were both audibly surprised about the expired registration, and Marianne apologized for it.

36. Elson asked whether the address on Charles's driver's license was current, and Charles confirmed it was.

37. Elson then began looking at Marianne's driver's license, and Charles, noticing, said, "That's my wife," to which Elson responded, "Awesome."

38. Elson did not ask Marianne, because it would've been unnecessary, whether the address on Marianne's license was current.

39. After getting only Marianne's phone number, Deputy Elson told the couple to hang tight and went back to his squad car.

40. After the initial call to dispatch to check their driver's licenses, Deputy Elson noticed that Charles Lewis had a drug related charge more than 13 years old.

41.     Deputy Elson then radioed dispatch and asked whether a K9 officer was available. He had been sitting in his squad for about nine minutes at this point, and it was about 6:22pm—about 15 minutes after the initial traffic stop.

42.     A few moments later, Deputy Elson was informed that a K9 officer would be responding to his location.

43.     Deputy Elson then stepped out of his vehicle and walked back over to the Lewis couple.

44.     Now, for the first time, Deputy Elson inquired about car insurance.

45.     The Lewises told him that they do have insurance and showed Deputy Elson proof of their policy.

46.     Deputy Elson then told the Lewises to once again hang tight.

47.     He then walked back to his squad car, and sat there occasionally typing on his computer and moving forms around for the next 12 minutes.

48.     Deputy Elson did not have reasonable suspicion that any crime requiring a canine sniff had occurred, was occurring, or was going to occur.

49.     At 6:34pm, now 27 minutes after the initial stop, K9 Deputy Travis Lange arrived.

50.     Elson asked Lange, "Do you want me to wait on citations and everything, I assume, or—?"

51.     Lange responded, "You can work on them."

52.     But Elson confessed, "I have them done."

53. Lange then went to the Lewis's vehicle, introduced himself, and explained that he was going to walk his K-9 around the vehicle.

54. Lange asked whether the couple had drugs or paraphernalia in the vehicle, and Marianne Lewis said, "Can I ask you any questions?" Lange told her she could. And Marianne asked Lange for advice on updating her registration on her phone and whether she would get a ticket for the registration.

55. Deputy Lange then walked back to Deputy Elson's vehicle and told him that the Lewis couple reported that there are no drugs in the vehicle and that they are updating their registration.

56. Lange then walked his K-9 around the Lewis vehicle.

57. Lange claimed that his K-9 alerted.

58. Lange removed Charles and Marianne, who is disabled, from the vehicle.

59. They were placed in the back of a squad car.

60. Deputies searched their vehicle, including all of their bags, coolers, medicine bottles, and Marianne's purse.

61. The search of the vehicle lasted over 25 minutes.

62. No drugs or anything illegal were found.

63. Elson gave Charles a ticket for an expired registration.

64. Elson told the couple that he hoped he didn't ruin their night.

65. Elson's traffic stop lasted over an hour.

66. The Lewis couple had all of their belongings in their car searched.

67. Elson and Lange wasted the Lewises's time by unlawfully extending the traffic stop, violated their privacy, and humiliated them while they were simply trying to enjoy a summer weekend in Wisconsin at the Dells.

## COUNT 1:
### 42 U.S.C. § 1983 Claim for Unlawful Seizure, Search, and Failure to Intervene

68. Plaintiffs reallege the above paragraphs.

69. Defendant Elson seized Plaintiffs by stopping their vehicle and not letting them leave.

70. Defendant Elson unlawfully extended this seizure by not releasing the Plaintiffs after Elson had completed the traffic citations.

71. Defendant Elson's extended seizure was unlawful because it was done without reasonable suspicion that Plaintiffs had committed, were committing, or were going to commit anything more than the traffic citations he had already completed.

72. Defendant Lange knew there was not reasonable suspicion for continued detention of Plaintiffs and allowed them to remain seized anyway.

73. Defendant Lange failed to intervene in a constitutional violation he knew was happening in front of him and could have stopped.

74. Defendants Elson and Lange unlawfully searched Plaintiffs' vehicle. The search was unlawful because it stemmed from an unlawfully extended seizure.

75. Defendants Elson and Lange thus violated Plaintiffs' Fourth Amendment rights to be free from unreasonable search and seizure.

76. The aforementioned actions of Defendants Elson and Lange were the direct and proximate cause of the constitutional violations set forth above and of Plaintiffs' injuries and set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiffs demand actual or compensatory damages against Defendants Elson and Lange, the costs of this actions, attorneys' fees, and such other further relief that the Court deems just and equitable. And because Defendants Elson and Lange acted maliciously, wantonly, or oppressively, Plaintiffs demand punitive damages.

## COUNT 2:
## Indemnification Claim Against County of Columbia

77. Plaintiffs reallege the above paragraphs.

78. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgement for damages for which employees are liable, for acts within the scope of their employment.

79. At all times relevant to this action, Defendants Elson and Lange engaged in the conduct complained of while they were on duty and in the course and scope of their employment with Columbia County.

WHEREFORE, Plaintiffs ask this Court to find that the County of Columbia is liable to defend this action against Defendants Elson and Lange and to satisfy any judgment entered against them, by virtue of WIS. STAT. § 895.46.

# JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 2 February 2023,

/s/ R. Rick Resch
R. Rick Resch
  Wisconsin Bar No. 1117722
John H. Bradley
  Wisconsin Bar No. 1053124
James Odell
  Wisconsin Bar No. 1131587
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
[608] 535-1550
Rick@StrangBradley.com
John@StrangBradley.com
James@StrangBradley.com

*Attorneys for Charles and Marianne Lewis*